**In the Matter of Malone**

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

Disciplinary Docket no. 131 DB 2004.

BAER, *Member*, October 4, 2010—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

By order of April 25, 2006, the Supreme Court of Pennsylvania suspended Andrew F. Malone from the practice of law for a period of five years, retroactive to September 1, 2004. On November 17, 2009, Mr. Malone filed a petition for reinstatement. Office of Disciplinary Counsel filed a response to petition on February 16, 2010.

A reinstatement hearing was held on April 7, 2010, before a District II Hearing Committee comprised of Chair Dennis D. Brogan, Esquire, and Members Paul C. Troy,

Esquire, and Albert P. Massey, Jr., Esquire. Petitioner was represented by Samuel D. Miller, III, Esquire. Petitioner presented the testimony of eight witnesses and testified on his own behalf. He presented five letters of reference.

The Hearing Committee filed a report on June 3, 2010 and recommended that the Petition for Reinstatement be granted.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting on July 17, 2010.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

1. Petitioner is Andrew F. Malone. He was born in 1947 and was admitted to the practice of law in Pennsylvania in 1972. His business address is 1000 N. Providence Road, Media, Pa. 19063. He is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

2. By order of the Supreme Court of Pennsylvania dated April 25, 2006, petitioner was suspended for a period of five years, retroactive to September 1, 2004.

3. The underlying misconduct was petitioner's criminal conviction for criminal attempt to commit involuntary deviate sexual intercourse. Petitioner was arrested after engaging in Internet contact with an agent of the Pennsylvania Attorney General's Office who posed as a mother of two minor girls who then arranged a meeting

which was to involve this individual and the two minors for purposes of sexual activity.

4. Petitioner was sentenced to 12 months less one day to 24 months less one day imprisonment with immediate parole after completion of the minimum sentence, credit for good time and five years consecutive probation thereafter.

5. Petitioner complied with all aspects of his sentence and his probation was terminated early as of June 25, 2009.

6. At the reinstatement hearing, petitioner provided evidence that he is rehabilitated from the sexual addiction that led to his arrest and conviction. In petitioner's prior disciplinary proceeding, this sexual addiction was found to be a causal factor in his misconduct.

7. Alyson Nerenberg, Psy.D, is a licensed psychologist since 1997 and is a certified specialist in treating sexual addictions.

8. Petitioner was referred to Ms. Nerenberg on June 6, 2006. Ms. Nerenberg evaluated petitioner individually and as part of group therapies she conducts. Petitioner is a regular attendee of the group sessions. He has accepted responsibility for his conduct and criminal conviction, and has expressed remorse, contrition and sorrow for his actions.

9. Ms. Nerenberg opined that so long as petitioner continues to attend 12-step meetings on a regular basis and group therapy she sees no risk of him returning to the

same behavior or committing an offense such as in the past.

10. Ms. Nerenberg opined that petitioner did not have a sexual attraction to pre-adolescent children and was not a pedophile.

11. Nicholas Honyara is a supervisor with Montgomery County Adult Probation and has a specialized case load of sex offenders. Mr. Honyara supervised petitioner for approximately two years.

12. This supervision included visits with petitioner four times per month including unannounced home visits where Mr. Honyara would conduct computer searches.

13. Petitioner complied with all directives and assignments given him including undergoing periodic polygraph examinations.

14. Petitioner volunteered for a special project involving a training video for probation officers who monitor sex offenders.

15. Petitioner provided extensive testimony as to his rehabilitation.

16. Petitioner described his actual relief when he was arrested due to his inward feelings of turmoil. Petitioner initially had residential in-patient treatment for six weeks in 2003, started on a 12-step program to recovery and has been involved with a number of group therapies, including an initial sex offender program and then with the program supervised by Dr. Nerenberg. He has remained in continuous treatment since his arrest.

17. Petitioner described the support groups as providing hope to allow him to recover and interact appropriately. He believes that his treatment has improved his interaction with his wife and children and he wants to continue with ongoing therapy.

18. Petitioner acknowledged his wrongdoing and criminal conduct and continues to express remorse, guilt, and shame over these incidents. He testified that "with everything in me" he will do all that he can to forever avoid similar conduct.

19. Petitioner described an incident of relapse that occurred in 2006. He attributed it to anxiety over an employment situation which led him to look at pornography over the Internet. It was a one-time event. Petitioner immediately told his therapy group, his probation officer and his wife. Since that time, petitioner has not had any setbacks.

20. Petitioner's testimony was credible and convincing that he accepted responsibility for his actions, that he was remorseful for having engaged in the actions which resulted in his criminal conviction and that he has rehabilitated himself so that he would not engage in the type of misconduct which led to his criminal conviction.

21. Petitioner presented the testimony of character witnesses.

22. David T. Videon, Esquire, David Feldheim, Esquire, and Andrew Cantor, Esquire, have all known petitioner in his professional capacity for many years. These witnesses described petitioner's legal work as

excellent. These witnesses have observed that petitioner is rehabilitated and prepared to resume his professional career.

23. Edward Lodge is a long-standing friend of petitioner and has witnessed petitioner's great remorse and significant rehabilitative efforts. Mr. Lodge fully supports petitioner's resumption of the practice of law.

24. Edward Motley, Jr., is a member of the same sex offenders group as petitioner and permitted his name to be used for this proceeding. He testified credibly to petitioner's acceptance of responsibility, contrition and remorse.

25. Deborah Malone is petitioner's wife. She has stood by his side and supported him through these very difficult times. She described petitioner's repeated expressions of remorse for the impact of his actions on the Malone family. Mrs. Malone feels certain that petitioner will avoid any similar conduct in the future.

26. Petitioner presented five letters of support for his return to the practice of law, further attesting to his good character, integrity, remorse, recovery, and commitment to his recovery.

27. During his suspension, petitioner held different jobs, but has been employed primarily as a paralegal for David Videon, Esquire. Mr. Videon ensured that petitioner's conduct was in compliance with the Rules of Disciplinary Enforcement pertaining to suspended lawyers.

28. Petitioner fulfilled his continuing legal education

requirements necessary for reinstatement and reviewed the *Delaware County Legal Journal* to stay apprised of the current law.

29. If reinstated, petitioner plans to engage in a general practice of law in Delaware County.

30. Office of Disciplinary Counsel does not oppose reinstatement.

## III. CONCLUSIONS OF LAW

1. Petitioner demonstrated by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice law in the Commonwealth of Pennsylvania. Pa.R.D.E. 218(c)(3).

2. Petitioner demonstrated by clear and convincing evidence that the resumption of the practice of law within the Commonwealth of Pennsylvania will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. Pa.R.D.E.218(c)(3).

## IV. DISCUSSION

Petitioner is a suspended attorney who seeks readmission to the practice of law in Pennsylvania. In support of his reinstatement, he filed a reinstatement questionnaire. He testified on his own behalf and provided the testimony of eight witnesses and five letters of reference.

Petitioner was suspended for a period of five years by

order of the Supreme Court of Pennsylvania dated April 25, 2006, retroactive to September 1, 2004. Pursuant to Rule 218(a)(1), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume the practice of law until reinstated by the Supreme Court. In order for petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice law in this commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice nor be subversive of the public interest. Rules 218(c)(3), Pa.R.D.E.

A reinstatement proceeding is a searching inquiry into a lawyer's current professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension, but rather the nature and extent of the rehabilitative efforts the lawyer has made since the time the sanction was imposed, and the degree of success achieved in the rehabilitative process. *Philadelphia News, Inc. v. Disciplinary Board of the Supreme Court*, 468 Pa. 382, 363 A.2d 779 (Pa. 1976).

Petitioner's suspension was the result of his conviction for criminal attempt to commit involuntary deviate sexual intercourse. In petitioner's underlying disciplinary action, which culminated in the order of suspension issued in 2006, the Disciplinary Board concluded that petitioner proved he suffered from sexual addiction which caused

his misconduct. In the instant reinstatement proceeding, petitioner presented clear and convincing evidence that he has been rehabilitated from his addiction and is fit to resume the practice of law.

Petitioner immediately and fully admitted his criminal conduct and since his arrest in December 2002 has been involved in extensive treatment. His treatment to address his sexual addiction has involved in-patient treatment, closely monitored conduct while on probation, and continued therapy to the present. The credible and persuasive testimony of Dr. Alyson Nerenberg established that so long as he continues with group therapy, petitioner will not return to the conduct which led to his criminal conviction and suspension from the practice of law.

Petitioner's testimony is equally credible and persuasive as to his commitment to recovery. His dedication to his recovery led to an early release from his criminal sentence, and voluntary participation in a training video for probation officers who monitor sex offenders. Petitioner is fully supported in his recovery efforts by his wife and adult children, as well as friends and colleagues, in addition to the structured support he receives through group therapy. Petitioner revealed one incident of relapse in 2006 and described how he handled the situation by fully disclosing it to his probation officer, therapy group and his wife. He has not had any other relapses. Petitioner is fully remorseful and contrite for his past actions.

Petitioner presented strong evidence corroborating his remorse and recovery. He also presented strong evidence pertaining to his excellent legal skills. All of the witnesses support petitioner's readmission to practice and believe he will be an asset to the bar.

The record supports the conclusion that petitioner has met the requirements of Rule 218(c)(3) and should be reinstated to the practice of law in Pennsylvania.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Andrew F. Malone, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(f), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

## ORDER

And now, October 4, 2010, upon consideration of the report and recommendations of the Disciplinary Board dated August 19, 2010, the petition for reinstatement is granted.

Pursuant to Rule 218(f), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.